## Case No. 6,883.

### In re HUNT.

[5 N. B. R. 493; 1 4 Chi. Leg. News, 5; 2 Pac. Law Rep. 146.]

District Court. D. California. Sept. 30, 1871.

BANKRUPTCY—HOMESTEAD.

A bankrupt applied to the court in bankruptcy for an order to the assignee, requiring him to set apart certain real estate as his homestead, and for an injunction restraining a creditor who had recovered a judgment and issued an execution thereon prior to the bankruptcy, from proceeding to sell the property. The application was denied for the reasons that if the property in question be a homestead, the title is unaffected by the bankrupt act [of 1867 (14 Stat. 517)]. If it is not a homestead, the creditor who has a lien to its full value is the only person interested to establish the fact. If it has been wrongfully seized in execution, the bankrupt has the same rights before the state tribunals as any other person whom it is sought to deprive of a lawful homestead.

[Cited in Re Wyllie, Case No. 18,112; Re Everitt, Id. 4,579; Re McKenna, 9 Fed. 36.]

[In bankruptcy. In the matter of C. Hunt.]

HOFFMAN, District Judge. This was an application by the bankrupt for an order to the assignee requiring him to set apart certain real estate as the homestead of the bankrupt, and for an injunction restraining a creditor who had recovered a judgment against the bankrupt, and issued an execution thereon prior to the bankruptcy, from proceeding to sell the property. The register has reported that in his opinion the property in question has been duly declared a homestead and is exempt from forced sale. In this opinion I am inclined to concur, but I see no reason for making the order and issuing the injunction prayed for. If the property be the legally declared homestead of the bankrupt, no title to it passed to the assignee, and it was wholly unaffected by the assignment. The setting it apart by the assignee could therefore convey no additional title. It would only

amount, when approved by the court, to a declaration that this court, as a court of bankruptcy, has no concern with it.

The provisions of general orders in bankruptcy No. 19, requiring the assignee to report to the court the "articles set off to the bankrupt under the fourteenth section of the act, with the estimated value of each article," evidently refer to the "necessary household and kitchen furniture and other articles and necessaries not exceeding $500 in value," which the assignee is, by that section, required to "designate and set apart," and not to real estate held as a homestead, the title to which, as the act expressly declares, does not pass to the assignee and is not "impaired or affected by any of the provisions of the act." Undoubtedly if the assignee were proceeding to sell or to treat as assets property exempted from forced sale, the court, on the application of the bankrupt would restrain him. But in this case the assignee makes no such attempt, nor has he any interest in the question; for the property, if not a homestead, is subject to the judgment lien of a creditor for an amount which would absorb its proceeds. The real contest is between the bankrupt and the judgment creditor, and the application is an attempt to procure from the bankruptcy court a decision of a question which properly belongs to the tribunals of the state, under whose laws the homestead rights were acquired. I think it clear that no such use can or ought to be made of this court. A homestead is not a "necessary article" to be set off by the assignee. The provisions of the nineteenth rule are therefore inapplicable. The assignee makes his [2] claim to the property and if it be a homestead, the title to it is unaffected by the bankrupt act. If it be not a homestead, the creditor who has a lien to its full value is the only person interested to establish the fact. If it has wrongfully been seized in execution, the bankrupt has the same rights before the state tribunals as any person whom it is sought to deprive of a lawful homestead. The application is, therefore, refused, and the temporary injunction dissolved.